**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Criminal Case No. 11-cr-00036-REB

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. CROSBY POWELL

Defendant.

---

## ORDER RE: MOTION FOR DISCOVERY

---

**Blackburn, J.**

This matter is before me for consideration of the **Defendant's Motion for Discovery** [#93][1] filed December 7, 2011. The government did not file a response. I deny the motion.

In fashioning my ruling I have considered all relevant adjudicative facts in the file and record of this case. I have considered, but not necessarily accepted, the relevant facts presented, reasons stated, arguments advanced, and authorities cited by counsel for the defendant.

The defendant requests the following discovery: (1) any evidence known to the government that any government witness, including witnesses specified in the motion, is biased or prejudiced against the defendant or has a motive to falsify, including a summary of all promises or consideration provided to a government witness and all

---

1 "[#93]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

evidence concerning any past, present, or future motive, bias or prejudice; (2) any evidence known to the government that any government witness, including witnesses specified in the motion, has engaged in any criminal act or is under investigation by any authority for any criminal misconduct; (3) any evidence known to the government that any government witness, including witnesses specified in the motion, has an impaired ability to perceive, remember, communicate or tell the truth, including any medical or psychiatric reports or evaluations; and (4) reports and other information concerning any witness the government intends to offer as an expert witness. In a separate order, I address the defendant's request for information concerning expert witnesses.

Concerning the defendant's other requests for discovery, I find and conclude as follows: (1) that the government is aware of its continuing duty to disclose to defendant the discovery to which he is entitled by law; (2) that the government has discharged its duty to provide the discovery to which defendant is entitled; (3) that defendant has been provided *pro tanto* the discovery to which he is entitled under Rule 16, as codified and construed, and under ***Brady, Bagley, Giglio***, and their progeny;[2] (4) that no discreet or specific discovery violations are claimed or circumstantiated in the defendant's present motion or elsewhere in the record of this case; and (5) that, except for discovery concerning any expert witnesses that the government may present, the defendant is not now entitled to discovery beyond that already provided by the government or otherwise available to him. Thus, to the extent defendant has the discovery to which he is entitled, his motion should be denied as moot, and to the extent defendant requests discovery to which he has no right, his motion should be denied.

---

[2] The reference to "***Brady, Bagley, Giglio***," is a reference to ***Brady v. Maryland***, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); ***United States v. Bagley***, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); and ***Giglio v. United States***, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

**THEREFORE, IT IS ORDERED** as follows:

1. That to the extent the **Defendant's Motion for Discovery** [#93] filed December 7, 2011, concerns discovery related to expert witnesses, the motion will be addressed in a separate order;

2. That to the extent the **Defendant's Motion for Discovery** [#93] filed December 7, 2011, concerns discovery already provided to the defendant by the government, the motion is **DENIED** as moot; and

3. That to the extent the defendant seeks in his motion discovery in addition to that already provided by the government, and excluding consideration of discovery related to expert witnesses, the motion is **DENIED** because the defendant has not demonstrated that he is entitled to any additional discovery.

Dated January 20, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge