# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 11-00036-KHV |
| CROSBY POWELL, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## ORDER

On February 13, 2012, defendant appeared for jury trial. The proceedings began at 8:38 a.m. At 9:10 a.m. – shortly after the Court began the process of selecting a jury – the Court advised defense counsel at sidebar that "[t]hrough this whole time your client has had his head down and his eyes closed." The Court asked defense counsel to attempt to keep defendant alert. At 9:36 a.m., defense counsel advised the Court that defendant appeared to be repeatedly falling asleep. Defense counsel indicated that he was concerned about his ability to ensure that defendant was awake while also acting as counsel. The Court took a recess to allow defense counsel to confer with defendant. Defense counsel then advised the Court that defendant was drowsy because defendant had understood that the trial "was starting later today," and thus had taken more pain medication than he would have if he had known that trial was to start at 8:30 a.m. After further discussion, the Court ordered that defendant be taken into custody to ensure his presence at trial and so that his medications could be monitored. The Court then continued trial until February 14, 2012.

The Court finds that the period of delay from February 13, 2012 to February 14, 2012 is excludable from speedy trial calculations under 18 U.S.C. § 3161(h)(1)(A) and (h)(7)(A) and (B)(i). Specifically, under (h)(1)(A), the Court finds that the delay resulted from the need to monitor

defendant's intake of medication and to determine whether defendant was over-medicated. Under (h)(7)(A) and (B)(i), the Court finds that the ends of justice served by this continuance outweigh the best interests of the public and defendant in a speedy trial because failure to order the continuance would result in a miscarriage of justice based on defense counsel's statements that he could not effectively participate in trial and monitor defendant's wakefulness at the same time. See United States v. Toombs, 575 F.3d 1262, 1269-73 (10th Cir. 2009); Bloate v. United States, 130 S.Ct. 1345, 1357-58 (Mar. 8, 2010). **The period of time from February 13, 2012 to February 14, 2012 is therefore excluded from speedy trial calculations under 18 U.S.C. Sections 3161(h)(1)(A) and (7)**.

**IT IS SO ORDERED**.

Dated this 13th day of February, 2012 at Denver, Colorado.

> s/ Kathryn H. Vratil
> Kathryn H. Vratil
> United States District Judge